UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| TATE ANDREW HAMM, Plaintiff, | ) | |
| v. | ) | No. 1:25-cv-02460-JRO-MG |
| STEPHANS, Defendant. | ) | |

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT AND DIRECTING ENTRY OF FINAL JUDGMENT**

Plaintiff Tate Andrew Hamm filed this action contending that Defendant Lt. Stephans violated his constitutional rights by withholding and returning his legal mail while he was incarcerated at New Castle Correctional Facility ("New Castle"). *See* dkt. 20. Lt. Stephans moves for summary judgment arguing that Hamm failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act ("PLRA") before filing this lawsuit. For the reasons explained below, the motion for summary judgment, dkt. [34], is **GRANTED** and the action is **DISMISSED without prejudice.**

Additionally, Hamm's "Motion for PLRA" is **GRANTED**, dkt. [39], to the extent that the Court considered the motion's arguments as part of the record.

## I. SUMMARY JUDGMENT STANDARD

A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). When reviewing a motion for summary judgment, the Court views the

record and draws all reasonable inferences from it in the light most favorable to the nonmoving party. *Khungar v. Access Cmty. Health Network*, 985 F.3d 565, 572–73 (7th Cir. 2021). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez,* 761 F.3d 822, 827 (7th Cir. 2014). A court only has to consider the materials cited by the parties, *see* Fed. R. Civ. P. 56(c)(3); it need not "scour the record" for evidence that might be relevant. *Grant v. Trs. of Ind. Univ.*, 870 F.3d 562, 573–74 (7th Cir. 2017) (cleaned up).

A party seeking summary judgment must inform the district court of the basis for its motion and identify the record evidence it contends demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e).

## II. FACTUAL BACKGROUND

At all times relevant, Hamm was incarcerated at New Castle, where the Indiana Department of Correction ("IDOC")'s Offender Grievance Process was in effect. Dkt. 36-1 ¶ 4.

**A. Offender Grievance Process**

The Offender Grievance Process, IDOC Policy and Administrative Procedures 00-02-301, governs the grievance procedure and details how a prisoner must exhaust his administrative remedies using that procedure. *Id.* ¶ 5; Dkt. 36-2. Successful exhaustion of the Offender Grievance Process requires timely pursuing each step or level of the process. Dkt. 36-1 ¶ 6.

During the relevant period, the Offender Grievance Process consisted of three steps. The first step involves submitting a formal grievance following unsuccessful attempts at informal resolution. *Id.* ¶ 5. After receiving and recording the formal grievance, the Grievance Specialist must complete an investigation and provide a response to the grievance within 15 business days. Dkt. 36-2 at 10. If the offender is unsatisfied with the Grievance Specialist's response, the second step requires the offender to submit a written appeal to the Warden/designee within 5 days. *Id.* at 12. The Warden/designee must respond to the appeal within 10 business days of receiving the appeal. *Id.* at 13. If the offender is unsatisfied with the Warden/designee's response to the appeal or he has not received a response within 10 days, the third step requires the offender to submit an appeal to the IDOC Grievance Manager within 5 days. *Id.* The IDOC Grievance Manager shall respond to the final appeal within 10 business days. *Id.*

If an offender does not receive a response from the Grievance Specialist for the initial grievance "within twenty (20) business days of the Offender Grievance Specialist's receipt of the grievance, the offender may appeal as though the

grievance had been denied." Dkt. 36-2 at 12. If the offender does not receive a response to his appeal from the Warden/designee within 10 business days, he may appeal to the IDOC Grievance Manager. *Id.* at 13. At the final level, "[i]f no appeal response is received after the ten (10) business days, the appeal shall be considered as denied." *Id.*

### B. Plaintiff's Participation in the Grievance Process

After conducting a search of Hamm's grievance records, the custodian of records for inmate grievances, Melissa Rutledge, located one grievance related to Hamm's allegations against Lt. Stephans in this lawsuit. Dkt. 36-1 ¶¶ 8, 11. Hamm submitted Grievance No. 26-239731 on November 14, 2025, and it was stamped as received by the Grievance Specialist on November 18, 2025. *Id.* ¶ 11. On December 29, 2025, Hamm appealed the grievance to the first level, the Warden/designee, before receiving a response from the Grievance Specialist. Dkt. 42-1 at 2. On January 5, 2026, the Grievance Specialist returned the grievance, citing lack of specific information, and directed Hamm to correct and resubmit it within five days. *Id.* at 3. There is no record that Hamm resubmitted the grievance.

Hamm's grievance record reflects that he successfully submitted and appealed several grievances regarding other issues at New Castle in February, March, October, and December of 2025. *See* dkt. 36-3.

## III. DISCUSSION

The PLRA requires that a prisoner exhaust available administrative remedies before suing over prison conditions. 42 U.S.C. § 1997e(a). "[T]he PLRA's

exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002) (citation omitted).

"To exhaust administrative remedies, a prisoner must comply strictly with the prison's administrative rules by filing grievances and appeals as the rules dictate." *Reid v. Balota*, 962 F.3d 325, 329 (7th Cir. 2020) (*citing Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006)). A "prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'" *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004) (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002)).

"Because exhaustion is an affirmative defense," Lt. Stephans faces the burden of establishing that "an administrative remedy was available and that [Hamm] failed to pursue it." *Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015). "[T]he ordinary meaning of the word 'available' is 'capable of use for the accomplishment of a purpose,' and that which 'is accessible or may be obtained.'" *Ross v. Blake*, 578 U.S. 632, 642 (2016) (internal quotation omitted).

Hamm argues that he followed the IDOC's policy by appealing Grievance No. 26-239731 after not receiving a timely response. Dkts. 39, 41. This argument fails for two reasons. First, Hamm's appeal was untimely. The undisputed record shows that Hamm appealed Grievance No. 26-239731 on December 29, which is more than 20 business days after the Grievance Specialist received it on November 18. *See* dkt. 36-2 at 12. Second, Hamm initiated this lawsuit before

even attempting to complete the Offender Grievance Process. Hamm filed this lawsuit on December 1, 2025, *see* dkt. 1, which is 29 days before he appealed Grievance No. 26-239731. Furthermore, Hamm initiated the lawsuit roughly a week before the Offender Grievance Process mandates a response from the Grievance Specialist. *See* dkt. 36-2 at 10 ("If the matter is not an emergency grievance, or a PREA grievance, the Offender Grievance Specialist has fifteen (15) business days from the date that the grievance is recorded to complete an investigation and provide a response to the offender[.]"). The Seventh Circuit has found that this kind of "sue first, exhaust later" approach is "not acceptable," even when the plaintiff files an amended complaint after attempting to exhaust his or her administrative remedies. *Chambers v. Sood*, 956 F.3d 979, 984 (7th Cir. 2020) (citing *Ford v. Johnson*, 362 F.3d 395, 398–400 (7th Cir. 2004)).

Hamm also argues that his grievances were not being appropriately submitted and processed due to his location in the mental health ward at New Castle. Dkt. 41 at 2; *see also* dkt. 42 at 2. Nevertheless, Hamm does not explain or designate admissible evidence that he filed or attempted to file a grievance related to his claims against Lt. Stephans and completed all necessary steps before filing this lawsuit on December 1. Instead, the only grievance in the record and the only grievance that Hamm testifies to have filed is the November 14 grievance, Grievance No. 26-239731. As explained above, Hamm did not timely appeal the grievance to the Warden and he did not submit an appeal to the IDOC Grievance Manager. Moreover, the fact that Hamm filed this lawsuit on December 1 makes it impossible to have properly appealed the November 14

grievance according to the Offender Grievance Policy's timeframe for the Grievance Specialist's response to the initial grievance and for appealing un-responded-to grievances.

Lt. Stephans has met his burden of proving that Hamm "had available [administrative] remedies that he did not utilize." *Dale*, 376 F.3d at 656. The undisputed record reflects that Hamm was aware of the grievance process and failed to complete the Offender Grievance Process. In light of 42 U.S.C. § 1997e(a), Hamm's claims against Lt. Stephans must be dismissed without prejudice. *Id*; *see also Ford,* 362 F.3d at 401 (holding that "*all* dismissals under § 1997e(a) should be without prejudice.").

## IV. CONCLUSION

For the above reasons, Defendant's motion for summary judgment, dkt. [34], is **GRANTED**. Judgment dismissing this action without prejudice shall now issue.

Hamm's "Motion for PLRA," dkt. [39] is **GRANTED** to the extent that the Court considered the motion's arguments as part of the record.

**SO ORDERED**.

Date: 11/4/2026

Justin R. Olson
United States District Judge
Southern District of Indiana

Distribution:

TATE ANDREW HAMM
296387
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
P.O. Box E
NEW CASTLE, IN 47362

Joseph Thomas Lipps
BBFCS ATTORNEYS
jlipps@bbfcslaw.com